**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv85**

| | |
|---|---|
| KEFA SENT HOTEP BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| OFFICER PICTRUS K., et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court's review of plaintiff's *pro se* Complaint (#1) filed pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis (#2), along with a "Declaration of Exempt Filing Fee Status" (#3), in which he claimed that he was a "National of the United States" and did not need to pay a fee. The court denied plaintiff's Motion without prejudice for failure to properly complete the form. Plaintiff then filed an Amended Motion for Leave to Proceed In Forma Pauperis (#5) and again failed to fully complete the application, and the court denied the motion without prejudice on February 23, 2012. Because nearly six months have passed since the court's last order with no further motion from any party, the court issues the following findings and order dismissing plaintiff's Complaint.

**Section 1915 Review**

Pursuant to 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. Id. A *pro se* plaintiff's allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "unless after accepting all well-pleaded

-1-

allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir.2003). *Pro se* filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir.1994).

Plaintiff alleges that the Mayor of Charlotte, North Carolina, the Chief of Police of the City of Charlotte, and numerous Officers of the Charlotte-Mecklenburg Police Department violated his rights under 42 U.S.C. § 1983 and 1985, based on five occasions in which the officers conducted traffic stops on vehicles operated by plaintiff. Compl., pp. 14-15. Plaintiff was cited during each stop for various offenses, which the court understands to include: driving an unregistered vehicle, speeding, driving without a license, and driving without insurance. Id. Based on the residential address in Charlotte, North Carolina, which plaintiff lists on his IFP application, Mot. to Proceed IFP, p. 5., plaintiff appears to, indeed, reside in Charlotte. He does not contest that his vehicle displayed any proper state registration, nor does he set forth any facts which indicate he possesses a valid driver's license or insurance in any state. See Compl., pp. 14-15.

Plaintiff primarily seeks monetary damages, including treble damages based on the actions of the police officers. Even though plaintiff filed a Complaint in this court and claims that he is exempt from any filing fees, he also states that this court lacks jurisdiction over him. In explaining the court's lack of jurisdiction, plaintiff says that he has no "depository relationship, or credit relationship, with a 'bank,'" and he further claims that the "'interstate system of banks' is the private property of the 'King,'" and equates the fictional "King" with the United States of America. Id., p. 2.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an *in forma pauperis* complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios." Id.,at 327–28. Section 1915(e)(2)(B) directs dismissal of this Complaint, and while the court understands its obligation to liberally read a *pro se* Complaint, Erickson v. Pardus, 551 U.S. 89 (2007), plaintiff's requested relief is not based on any sound or recognized legal principles, and his allegations are insufficient to state a claim under Sections 1983 or 1985.

Having carefully considered the Complaint in accordance with 28, United States Code, Section 1915(e)(2)(B)(i) and (ii), the court determines that plaintiff's Complaint is frivolous and that he has not presented a claim that could survive consideration under Rule 12(b)(6), Federal Rules of Civil Procedure. The Complaint will be dismissed with prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Complaint (#1) is dismissed with prejudice.

**Advice of Appellate Rights**

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised of the right to appeal this decision

to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **30 days** from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of judgment. Fed. R. App. P. 4(a)(5). See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: August 13, 2012

_____
Max O. Cogburn Jr.
United States District Judge